UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON, #495156,

        Plaintiff,                              Hon. Hala Y. Jarbou

v.                                               Case No. 1:20-cv-1134

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 15) and Defendant's Motion to Strike Sur-Reply (ECF No. 25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motions both be granted and this matter terminated.

## BACKGROUND

Plaintiff initiated this action on November 23, 2020, against the Michigan Department of Corrections and five individuals alleging violations of his constitutional rights. The allegations in this action pick up where those in *Burton v. Mich. Dep't of Corr.*, No. 1:20- cv-858 (W.D. Mich.), left off. In case number 1:20-cv-858, Plaintiff alleged that, on an unspecified date, he underwent surgery on his right upper extremity. Following this surgery, Plaintiff was given authorization for a wrist brace, as well as a

basin and Epson salts to soak his hand and wrist. Plaintiff was deprived of these items for several months, however. On or about January 9, 2020, while he was housed at the Michigan Reformatory (RMI), Plaintiff received approval to have a basin and Epson salts. But before he could receive these items he was transferred to the Ionia Correctional Facility (ICF). The relevant allegations in Plaintiff's present complaint are as follows.

On January 10, 2020, Plaintiff was forced to stab another prisoner fifteen times, which aggravated his arm and hand pain. Plaintiff arrived at ICF on February 12, 2020. During his intake visit, Petitioner informed a nurse that the pain in his hand and arm required soaking. Between February 13, 2020, and February 23, 2020, Plaintiff submitted six kites explaining that his arm and hand pain had increased since the stabbing and that he required a basin so that he could soak his hand and arm.

On February 24, 2020, Plaintiff was first examined by Physicians Assistant Huyge. Plaintiff reported that he was experiencing severe pain and needed an arm brace and a basin to soak his arm. Defendant Huyge, however, discontinued Plaintiff's detail for the basin and took away the arm brace. Defendant Huyge told Plaintiff, "[N]ow you have a reason to write your grievance[s]."

Between February 28, 2020, and June 6, 2020, Plaintiff submitted ten kites to healthcare about his ongoing issues, his desire to be seen by the neurosurgeon, and his assertion that his rights were being denied. On August 13, 2020, Plaintiff again

met with P.A. Huyge. Plaintiff requested to be examined by a neurosurgeon and to have his arm brace and basin returned. Huyge denied Plaintiff's requests because Plaintiff had filed grievances. Huyge told Plaintiff he might as well stop filing health care kites about the matter.

On March 23, 2021, the Honorable Paul L. Maloney dismissed all of Plaintiff's claims save his First Amendment retaliation claim and Eighth Amendment denial of medical treatment claim against P.A. Huyge. (ECF No. 6). Defendant Huyge now moves for summary judgment, Plaintiff has responded to Defendant's motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-

moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I. Plaintiff's Sur-Reply

Pursuant to Local Rule 7.2(c), a party cannot submit a sur-reply to a dispositive motion without first obtaining leave of court. W.D. Mich. LCivR 7.2(c). Because Plaintiff filed a sur-reply in violation of this Rule, Defendant moves to have the pleading in question struck from the record. Plaintiff's offers no opposition to Defendant's motion. Accordingly, the undersigned recommends that Defendant's motion be granted and Plaintiff's sur-reply be struck from the record.[1]

### II. Eighth Amendment

The Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06. The analysis by which a defendant's conduct is evaluated consists of two-steps.

First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious

---

[1] The Court further notes that, even if the Court were to consider Plaintiff's improperly filed sur-reply, the result in this matter would be the same as such includes neither evidence nor persuasive argument.

medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). But, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid.*; *see also*, *Phillips v. Tangilag*, 14 F.4d. 524, 535 (6th Cir. 2021) ("only grossly or woefully inadequate care – not just care that falls below a professional standard – can be called 'cruel and unusual'").

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene*, 361 F.3d at 294. To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, summary judgment is appropriate. *See, e.g., Tangilag*, 14 F.4d. at 535 (the Eighth Amendment is not "a federal malpractice statute"); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").

Defendant has submitted evidence that Plaintiff was examined on multiple occasions during the relevant time-period regarding his arm and hand complaints. (ECF No. 15, PageID.168-208). Specifically, Defendant Huyge first examined Plaintiff on February 24, 2020. (*Id.*, PageID.179-82, 209-10). An examination of Plaintiff's right upper extremity revealed 5/5 grip strength with no indication of edema, tenderness, or muscle atrophy. (*Id.*, PageID.181). Huyge observed that, with respect to Plaintiff's right upper extremity, the "objective findings [are] not consistent with [Plaintiff's] subjective complaint[s]." (*Id.*, PageID.182). Accordingly, Huyge concluded that there did not exist any medical need for Plaintiff to have a wrist brace or basin to soak his hand/wrist. (*Id.*).

On March 16, 2020, Plaintiff submitted a request for Tylenol and ibuprofen. (*Id.*, PageID.189). Defendant Huyge denied this request on the ground that Plaintiff could purchase such over-the-counter medications from the prison store.[2] (*Id.*, PageID.190,

---

[2] Plaintiff has presented no evidence that he lacked the funds, or was otherwise unable, to purchase these over-the-counter medications.

210).  Plaintiff was next examined by Huyge on August 13, 2020.  (*Id.*, PageID.196-99, 210).  The results of a physical examination were unremarkable and Plaintiff reported that he was able to exercise without difficulty.  (*Id.*).

The evidence demonstrates that Plaintiff received medical care from Defendant Huyge and others during the relevant time-period.  Plaintiff simply disagrees with Huyge's medical judgment and treatment decisions.  As noted above, however, such disagreement does not violate the Eighth Amendment.  Accordingly, the undersigned recommends that Defendant Huyge is entitled to summary judgment as to Plaintiff's Eighth Amendment claim.

### III.   First Amendment

Plaintiff alleges that Defendant Huyge terminated his previously approved accommodations for an arm brace and a basin in which to soak his arm in retaliation for filing grievances against healthcare officials, including Defendant Huyge.  To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct.  *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

Plaintiff's claim fails because he cannot establish causation. With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff must first present evidence that his protected conduct was a motivating factor in the defendant's action. Even if Plaintiff makes this showing, Defendant is entitled to summary judgment if he demonstrates that she "would have taken the same action even without the protected activity." *Eby*, 481 F.3d at 441-42. Moreover, as the Supreme Court recently held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory

motive." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019). Moreover, if Defendant demonstrates that "would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018).

Plaintiff alleges that Defendant Huyge terminated his previously approved accommodations in retaliation for filing grievances. Defendant Huyge terminated Plaintiff's accommodations on February 24, 2020. (ECF No. 15 at PageID.179-83, 209-10). The only grievance Plaintiff has identified which he submitted prior to this date is Grievance ICF-2002-0242-28f. (ECF No. 1, PageID.15-19). Plaintiff submitted this grievance on February 21, 2020. (*Id.*, PageID.15). This grievance concerns Plaintiff's dissatisfaction with his medical treatment, however, it was not asserted against Defendant Huyge and, in fact, makes no mention of Huyge. Plaintiff's grievance was denied at step I the same day because Plaintiff, who was in grievance restriction at the time, failed to first request a grievance form from the Grievance Coordinator. (*Id.*, PageID.16).

Defendant Huyge asserts in his affidavit that he was not aware of this grievance when he first examined Plaintiff. (ECF No. 15, PageID.211). Plaintiff has presented no evidence from which a reasonable juror could conclude that Defendant Huyge was aware of this grievance when he discontinued Plaintiff's accommodations. Moreover, Defendant has submitted evidence, unrefuted by Plaintiff, that he discontinued

Plaintiff's accommodations because there existed no medical basis for such. (ECF No. 15, PageID.179-83, 209-10).

In sum, Plaintiff has failed to present evidence from which a reasonable juror could find that his protected conduct was in any way a motivating factor in Defendant's conduct. Plaintiff asserts the conclusion that Defendant retaliated against him, but he has failed to present evidence articulating a chronology of events from which retaliation can plausibly be inferred. Moreover, even if the Court assumes that Plaintiff can clear this hurdle, Defendant has presented evidence that he discontinued Plaintiff's accommodations for reasons unrelated to Plaintiff's protected conduct. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted as to Plaintiff's First Amendment claim.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 15) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                     Respectfully submitted,

Date: December 17, 2021                      /s/ Phillip J. Green
                                                     PHILLIP J. GREEN
                                                     United States Magistrate Judge